NILS P. JULIN *vs.* FRITZOF BOWMAN.

Opinion filed November 15, 1899.

**Appeal—Review.**

This case involves no question of law.

Appeal from District Court, Cass County; *Pollock, J.*

Action by Nils P. Julin against Fritzof Bowman. Judgment for plaintiff, and he appeals.

Modified.

*W. A. Barnett* and *Morrill & Engerud,* for appellant.

*Pollock & Scott,* for respondent.

BARTHOLOMEW, C. J. This action was brought by a *cestui que* trust to compel an accounting on the part of his trustee. The trusteeship extends over a period of about nine years. The plaintiff is an uneducated Scandinavian, being unable to read or write, and testified through an interpreter. The defendant is his fellow countryman, but can read and write. The trust relation grew out of an honest, well-intended purpose on the part of the defendant to aid plaintiff financially, and enable him to pay off his numerous debts, and save his farm from a mortgage foreclosure sale. The trust covers a large number of transactions, involving the receipt and expenditure of several thousands of dollars. Plaintiff kept no books of accounts or record evidence of the various transactions. Defendant kept a book account, but in an irregular and almost unintelligible manner, so that his books furnish but little aid. Under these circumstances, considering the length of time involved, and that the parties must testify almost entirely from memory, it was to be expected that the testimony of the parties would upon all disputed matters be directly conflicting. The corroborating testimony on neither side furnishes a court much aid in reaching the truth; nor will any court ever be able to say, with any approach to certainty, that it has done justice to these litigants. No question of law is involved. Any discussion of the evidence would be a clear waste of time and space. Judgment was rendered against defendant for a small amount. Plaintiff, claiming that the judgment should be larger, brings the case here, but asks us to review the evidence only as to six items for which the trial court allowed the defendant credit. We have examined all the evidence pertaining to those

items.  As to four of them, our conclusion agrees with that of the
trial court; but, as to the item of $100 paid as interest to the Fargo
Loan Agency on November 28, 1891, and the item of $73.15 paid to
the First National Bank of Fargo as interest on the same date, we
are of opinion that the evidence shows that such items were paid
from money furnished by plaintiff, and that defendant was not
entitled to credit therefor.  As a result of this holding, the judg-
ment in favor of plaintiff, which was $78.02 as found by the trial
court, must be so modified as to increase the recovery to the sum
of $251.17.  Judgment will be entered in the District Court accord-
ingly, with costs of both courts in favor of plaintiff.  It is so
ordered.  All concur.